**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50598 |
| Plaintiff-Appellee, | D.C. NO. 2:10-cr-00509-PA-1 |
| v. | |
| RUBEN JUAN-GONZALEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted July 9, 2012
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BENSON, District Judge.[**]

Defendant Ruben Juan-Gonzalez ("Defendant") appeals the district court's

decision to impose a 135-month sentence after Defendant pleaded guilty to one

count of mail fraud, in violation of 18 U.S.C. § 1341; one count of money

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Dee V. Benson, District Judge for the U.S. District Court for Utah, sitting by designation.

laundering, in violation of 18 U.S.C. § 1957; and one count of false representation of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B). We have jurisdiction under 8 U.S.C. § 3742(a), and we affirm.

1. The district court's findings of fact in applying the aggravating role enhancement under USSG § 3B1.1(c) were not clearly erroneous. Rosendo-Juan Zaragoza's ("Zaragoza") testimony established he was employed by Defendant, understood Defendant's investment program to be an illegal investment scheme, was aware of a criminal investigation of the investment program, and he withdrew $15,007 at Defendant's direction from a bank account by signing Defendant's name. In addition, the conversations between Defendant and E.E. establish E.E. received multiple instructions from Defendant, relayed Defendant's instructions to Zaragoza, and received half of the money after Zaragoza signed Defendant's name to withdraw money from a bank account. This evidence demonstrates Defendant "exercised some control over others involved in the commission of the crime." *United States v. Alonso*, 48 F.3d 1536, 1545 (9th Cir. 1995) (internal quotation marks and citation omitted).

2. The district court's findings of fact in applying the abuse of a position of trust enhancement under USSG § 3B1.3 were not clearly erroneous. Defendant presented himself in conversations with investors, in advertising, and in

2

promotional materials as an expert investor. He rented office space in a high-rise building, adorned the office to look like a legitimate investment business, and instructed his staff to tell investors that his group was a licensed commodities brokerage when it was not. He lured investors with promises of high returns for investments in commodities, foreign currency, real estate, and mines. Investors entrusted Defendant with funds and Defendant had discretionary authority to apply the funds for the benefit of investors. *See United States v. Laurienti*, 611 F.3d 530, 555-56 (9th Cir. 2010).

3.     The district court's findings of fact in applying the sophisticated means enhancement under USSG § 2B1.1(b)(10)(C) were not clearly erroneous. Sophisticated means include: "conduct such as hiding assets or transactions, or both, through the use of fictitious entities, [and] corporate shells . . . ." USSG § 2B1.1 cmt. n.8(B). Defendant changed the name of his investment group because he was being investigated, filed a fraudulent form with the SEC, offered equity investments in a shell company, and convinced investors to roll-over their investments into stock in the shell company so he could avoid paying interest. He also used multiple business and personal bank accounts to conceal the investment funds and make tracing difficult. Defendant clearly used "especially complex . . . conduct pertaining to the execution or concealment of an offense." *Id.*

4.     The district court properly applied the vulnerable victim enhancement under USSG § 3A1.1(b)(1), and the facts found in support of the enhancement were not clearly erroneous.  Indeed, they were not disputed.  Defendant took advantage of J.P.G., an undocumented alien and the single-mother of a severely disabled four year-old, by promising profits so large from investing with him that she would someday see her daughter walk again.  He also took advantage of C.C., recently divorced, unemployed, and in need of immediate income, by convincing her to invest $25,000 by maxing out her credit cards.  Defendant clearly knew J.P.G. and C.C. were "unusually vulnerable" and "particularly susceptible to the criminal conduct."  *Id.* cmt. n.2.  *See United States v. Rising Sun*, 533 F.3d 989, 993-94 (9th Cir. 2008) (citing *United States v. Weischedel*, 201 F.3d 1250, 1254-55 (9th Cir. 2000); *United States v.  Veerapol*, 312 F.3d 1128 (9th Cir. 2002).

5.     Defendant's sentence was not procedurally or substantively unreasonable.  Defendant cannot show examples of procedural errors on the part of the district court, such as: "failing to calculate (or improperly calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the Section 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Rather, the record reflects the district court discussed the sentencing

factors set out in USSG § 3553(a)(2)(D), found the Guideline range of 135-168 months to adequately reflect Defendant's case, sentenced Defendant at the low-end of the Guideline range, recognized Defendant lived a law-abiding life until the underlying offense, applied a three-level reduction for Defendant's acceptance of responsibility, and acknowledged that it had the discretion to impose a downward variance in the event the Guidelines yielded a sentence greater than necessary.

Furthermore, Defendant cannot show the district court's Guideline sentence was "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Treadwell*, 593 F.3d 990, 1011 (9th Cir. 2009) (internal question marks omitted). He thus cannot show his sentence was substantively unreasonable.

6. Defendant cannot show there is a direct conflict between the district court's written judgment and the district court's oral pronouncement of Defendant's sentence. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993).

**AFFIRMED.**